UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Honorable Jack B. Schmetterer |
| JANICE CAMPBELL-WHITE, | ) | Case No. 04 B 09761 |
| | ) | |
| Debtor. | ) | Hearing Date: June 21, 2005 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |

## NOTICE OF MOTION

TO:   ALL PERSONS IN THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Tuesday, June 21, 2005**, at the hour of **10:00 a.m.**, the undersigned will appear before the Honorable Jack B. Schmetterer, United States Bankruptcy Court, 219 South Dearborn Street, Courtroom 682, Chicago, Illinois, and then and there present the **FIRST AND FINAL APPLICATION TO THE COURT OF MCGUIREWOODS LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE TRUSTEE**, a copy of which is attached hereto and hereby served upon you.

LOUIS W. LEVIT, Trustee of the Bankruptcy Estate
of Janice Campbell-White

By: _____
       One of its Attorneys

Louis W. Levit (ARDC#01641107)           Ira P. Goldberg (ARDC#06185512)
555 Skokie Blvd., Suite 500              McGuireWoods LLP
Northbrook, Illinois 60062               77 W. Wacker Drive, Suite 4100
(847) 897-5710                           Chicago, Illinois 60601
                                         (312) 849-8100

*Attorneys for Trustee*

\\FIN\239579.1

## SERVICE LIST

Ira Bodenstein
Office of the U.S. Trustee, Region 11
227 West Monroe
Suite 3350
Chicago, IL 60606

Janice Campbell-White
c/o Okoro
2223 S. 13th Avenue
Broadview, IL 60155

Eric Gibson
Law Office of Eric Gibson
814 South Taylor Avenue
Oak Park, IL 60304

Alan D. Lasko
Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite #1240
Chicago, IL 60603

Louis W. Levit
555 Skokie Blvd., Suite 500
Northbrook, IL 60062

\\FIN\237534.1

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, does hereby certify that true and correct copies of the above and foregoing Notice, along with a copy of the **FIRST AND FINAL APPLICATION TO THE COURT OF MCGUIREWOODS LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE TRUSTEE**, were duly served upon those persons listed on the attached service list, by depositing same in the United States Mail, first-class postage affixed thereon, this 20th day of May, 2005.

                                                                    */s/ Lydia Rickert*
                                                                            Lydia Rickert

SUBSCRIBED and SWORN to
before me this 20th day of May, 2005.

*/s/ Claudia A. Gunderson*
NOTARY PUBLIC

                                       "OFFICIAL SEAL"
                                   CLAUDIA A. GUNDERSON
                                   Notary Public, State of Illinois
                                   My Commission Expires 8/23/08

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Honorable Jack B. Schmetterer |
| JANICE CAMPBELL-WHITE, | ) | Case No. 04 B 09761 |
| | ) | |
| Debtor. | ) | Hearing Date: June 21, 2005 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |

## FIRST AND FINAL APPLICATION TO THE COURT OF MCGUIREWOODS LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE TRUSTEE

McGuireWoods LLP ("MW or "Applicant"), co-counsel for Louis W. Levit, the trustee (the "Trustee") in the above-referenced Chapter 7 proceeding, requests the entry of an order for allowance of time compensation in the amount of $18,690.80 ($6,690.80 thru 12/31/04 and $12,000.00 thereafter thru 3/31/05) and reimbursement of expenses of $352.54 ($16.64 thru 12/31/04 and $335.90 thereafter thru 3/31/05). In support thereof, MW respectfully states as follows:

### I.  NARRATIVE SUMMARY

1. On or about March 11, 2004, the above-referenced Debtor (the "Debtor") filed for protection under Chapter 13 of Title 11, United States Bankruptcy Code (the "Code").

2. On or about June 1, 2004, this case was converted to a case under Chapter 7 of the Code.

3. Shortly thereafter the trustee was appointed.

4. On or about September 7, 2004, the Trustee was authorized, by an order of this Court, to retain MW.

\\FIN\237602.1

5. For the convenience of this Court and other parties in interest, summary sheets disclosing additional information, including, but not limited to the following, are attached hereto and incorporated herein as Group Exhibit **A**:

    a. Previous requests, if any, for fees and expenses herein;

    b. Previous awards, if any, of fees and expenses herein;

    c. Disclosures related to professionals and para-professionals who have worked on this case;

    d. Calculations of both the blended rates of the attorneys involved in this case as well as a separate calculation of the blended rates of both attorneys and para-professionals; and

    e. Disclosures regarding the financial condition of this estate (the "Estate").

6. The normal hourly rates charged by the principals, associates, and legal assistants of MW for the period covered by this application is as follows:[1]

| Name | Rate |
|---|---|
| Louis W. Levit (Partner) | $375.00 |
| John F. Pollick (Partner) | $356.25 |
| Ira P. Goldberg (Partner) | $332.50 to 356.25 |
| Joseph R. Brehm (Paralegal) | $133.00 to 142.50 |
| Michael J. Augle (Clerk) | $ 80.75 |

---

[1] A 5% discount has been provided from the normal rates of J. Pollick, I. Goldberg, J. Brehm and M. Augle.

\\FIN\237602.1

2

## II. CASE STATUS

7. Certain professionals have been retained. MW, Louis W. Levit, Louis W. Levit, P.C. and Ira P. Goldberg are the current legal counsel for the Trustee. On or about February 25, 2005, this Court authorized a sale of 1160 S. Humphrey Avenue, Oak Park, Illinois (the "Property") for $212,000. After paying all costs and expenses incident to the closing, including but not limited to, all liens a net of about $127,000.00 was received. The Estate continues to pursue certain insurance rights related to the Property.

## III. PROJECT SUMMARIES

8. For the time period covered by this application, Applicant provided a variety of legal services to the Trustee. The services which were performed by Applicant during such time period are categorized and described in detail on an itemized statement attached hereto and made part hereof as Group Exhibit **B**. At the end of each category, there is a list for each attorney or paraprofessional who worked on that matter, the total number of hours (with dollar value) spent on that matter. The following is a statistical overview of the services performed by Applicant for which it seeks compensation which includes the approximate hours expended by Applicant for which it seeks compensation, the approximate value of those services and the amount of fees previously received by Applicant:

\\FIN\237602.1

3

Time Period through December 31, 2004[2]

| Nature of Services | Approximate Hours | Value |
|---|---|---|
| 1. Case Administration | 17.9 | 5,040.80 |
| 2. Creditors and Claims | 0.2 | 75.00 |
| 3. Sale of Real Estate | 4.2 | 1,575.00 |
| TOTAL | 22.30 | $6,690.80 |

Time Period through March 31, 2005

| Nature of Services | Approximate Hours | Value |
|---|---|---|
| 1. Case Administration | 6.4 | 2,169.81 |
| 2. Creditors and Claims | 1.0 | 356.25 |
| 3. Insurance Issues | 20.6 | 7,082.27 |
| 4. Sale of Real Estate | 89.4 | 19,191.45 |
| 5. Fee Petitions | 6.5 | 2,315.64 |
| TOTAL | 123.90 | $31,115.42[3] |

9.  The following is a factual summary of the services provided and which are expected to be provided through March 31, 2005.

   a.  Case Administration: The work in this category includes, but is not limited to, reviewing case history and pleadings; extending the discharge date; retaining professionals (counsel and real estate broker); obtaining valuations and consulting with an appraiser for the Property; and evaluating the equity, if any, in certain assets. Detailed time entries for the time period of July 21, 2004 through

---

[2] Please note that the time periods in this fee petition have been bifurcated because effective 1/1/05, Louis W. Levit left the firm of McGuireWoods. An order was entered on 1/27/05, which among other things authorizes the Trustee to utilize the services of Louis W. Levit, Louis W. Levit, P.C., Ira P. Goldberg (who will continue on as co-Counsel at another firm) and MW, as his counsel in this matter. For internal accounting purposes at McGuireWoods LLP, it is important to separate the fee and expense allowances related set time periods.

[3] MW, assuming its fees and expenses are authorized as requested, has agreed to voluntarily reduce the amount requested for this time period by $19,115.42.

\\FIN\237602.1

4

March 31, 2005 total 24.3 hours (17.9 thru 12/31/04 and 6.4 thereafter thru 3/31/05) for Case Administration and are contained in Group Exhibit **B**.

  b. <u>Creditors and Claims</u>: The work in this category includes, but is not limited to, setting bar dates and reviewing certain claims. Detailed time entries for the time period of July 21, 2004 through March 31, 2005 total 1.2 hours (0.2 thru 12/31/04 and 1.0 thereafter thru 3/31/05) for Creditors and Claims and are contained in Group Exhibit **B**.

  c. <u>Insurance Issues</u>: The work in this category includes, but is not limited to, extensive negotiations and correspondence with the lender on the Property, Aurora Loan Service, LLC (the "Lender"); obtaining an assignment of the Lender's insurance rights; arranging for an independent inspection of the Property related to the damages thereto; and continued efforts to collect on a damage claim to the Property. Detailed time entries for the time period of July 21, 2004 through March 31, 2005 total 20.6 hours (all post 1/1/05) for Insurance Issues are contained in Group Exhibit **B**.

  d. <u>Sale of Real Estate</u>: The work in this category includes, but is not limited to, consulting with the broker, Trudy Roznos; obtaining and reviewing a market evaluation of the Property; preservation of the automatic stay related to the Property; contact with the broker regarding numerous offers; negotiations with the Lender and other secured parties; preparing and presenting a motion to approve sale of the Property and closing the sale thereof. Detailed time entries for the time period of July 21, 2004 through March 31, 2005 total 93.6 hours (4.2 thru

12/31/04 and 89.4 thereafter thru 3/31/05) for Sale of Real Estate are contained in Group Exhibit **B**.

  e. Fee Petition: The work in this category primarily relates to work on MW's first interim application. Detailed time entries for the time period of July 21, 2004 through March 31, 2005 total 6.5 hours (all post 1/1/05) for Fee Petition are contained in Group Exhibit **B**.

 10. All the services referred to hereinabove were reasonably necessary to be performed in order that:

  a. The interest of the estate and its creditors be adequately represented and defended; and

  b. To maximize the recovery to this estate and its creditors.

### IV. COMPUTATION OF COMPENSATION

 11. The services performed from July 21, 2004 through March 31, 2005, required a total time expenditure of 146.20 hours (22.3 thru 12/31/04 and 123.90 thereafter thru 3/31/05) on the part of the principals and legal assistants of MW. The services for which MW is seeking further compensation are set forth with particularity at Group Exhibit **B**. Based on the nature, the extent and value the services for which MW is seeking compensation, the time spent on such services and cost of comparable services other than in the case under this title, such services have a value of not less than $18,690.80[4] ($6,690.80 thru 12/31/04 and $12,000.00 thereafter thru 3/31/05).

---

[4] MW actually performed $37,806.22 in services but has agreed, provided said fees are allowed as reduced, to reduce that amount by $19,115.42.

\\FIN\237602.1

6

## V. **EXPENSES**

12. In addition, MW incurred certain reasonable necessary additional expenses during its representation of the Trustee in the amount of $352.54 ($16.64 thru 12/31/04 and $335.90 thereafter thru 3/31/05). A detailed breakdown of these expenses in contained at Group Exhibit C. The expenses relate to (1) photocopying charges ($134.80); (2) postal service charges ($63.56); (3) long distance phone charges ($17.20); (4) Cook County Recorder of Deeds recording fees and copy of real estate tax bill ($31.50); and (5) Federal Express overnight packages ($105.48) Moreover, as an additional overview for the court, MW provides the following information respecting the methods it uses to record and charge various types of expenses:

    a. Telecopier transmittals: All telecopier transmittals must be accompanied by a valid client and matter numbers, or the transmission will not be sent. Client and matter numbers are input into the accounting system at the time of transmission and are then automatically included in MW's regular statement of fees and expenses. MW traditionally charges $1.00 per page for outgoing telecopier transmittals. (Not Applicable)

    b. Delivery services: Any persons wishing to engage either local messenger or overnight services must fill out a delivery service slip, which requires the inclusion of client and matter numbers. These slips are then sent to the MW accounting department, where the data is entered by client and matter number into the MW computer. MW's delivery charges are for actual out-of-pocket expenses only.

\\FIN\237602.1

7

c.  <u>Photocopying</u>: Photocopying may be accomplished in one of two ways at MW. There are photocopying machines, controlled by computer key pads, on every floor. Normally, small copying jobs are done at these machines. In order for these machines to operate, the person wishing to make copies must enter the client and matter number to which the job must be charged. A printout of the charges is ultimately sent to the MW accounting department, where the data is entered into the MW computer by client and matter number. Larger copying jobs are usually sent to the internal central copy center, or to an outside copying service. Internal copy center requests must be accompanied by a copy request form, which includes the client and matter number to which the charge is to be assessed. A printout of these charges is ultimately sent to the MW accounting department, where the data is entered into the MW computer by client and matter number. MW traditionally charges 0.10¢ per page for photocopying.

d.  <u>Long distance telephone</u>: Every long distance telephone call is logged by computer to a particular telephone extension. Every person must then reconcile each long distance telephone logged to their extension to a particular client and matter number through MW's computerized reconciliation system. Calls not reconciled are charged to the person assigned to that particular extension. Thereafter, the charges are then automatically included in MW's statement of fees and expenses.

\\FIN\237602.1

8

## VII. CERTIFICATION

13. Applicant certifies that the Trustee has received and reviewed this application for compensation and reimbursement of expenses. MW advises the Trustee has approved this application.

## VIII. SERVICE

14. A notice of the hearing hereon, attached hereto as Exhibit **D**, has or will be served upon the Debtor, its counsel, the United States Trustee, and all known scheduled creditors, on at least a twenty (20) day notice. MW submits that said Notice is adequate under the circumstances of this case and requests the waiver of further notice.

**WHEREFORE**, MW prays that an Order be entered respecting this application, after such notice and hearing as is required by the Court:

    a. Granting allowance of final compensation to MW in the amount of $18,690.80[5] ($6,690.80 thru 12/31/04 and $12,000.00 thereafter thru 3/31/05) and reimbursement of expenses to MW respecting expenses requested in this Application in the amount of $352.54 ($16.64 thru 12/31/04 and $335.90 thereafter thru 3/31/05) (collectively, the "Current Allowance");

    b. Authorizing and directing the Trustee to pay the Current Allowance; and

---

[5] MW actually performed $37,806.22 in services but has agreed, provided said fees are allowed as reduced, to reduce that amount by $19,115.42.

\\FIN\237602.1

9

   c.  Granting such other and further relief as this Court deems just and equitable.

Dated: May 20, 2005

               Respectfully submitted,

               MCGUIREWOODS LLP

               By: _____
                 One of its Attorneys

Louis W. Levit
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
(847) 897-5710

Ira P. Goldberg (ARDC #6185512)
MCGUIREWOODS LLP
150 North Michigan Avenue
Chicago, IL 60601
(312) 558-1000

Effective on or about June 1, 2005
Ira P. Goldberg plans to be located and employed at:
DiMonte & Lizak
216 Higgins Road
Park Ridge, IL 60068
(847) 698-9600

Ira P. Goldberg has been previously authorized and
will continue to serve as co-counsel to the Trustee
(See Court Order dated on or about 1/27/05)

\\FIN\237602.1

10